DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7000
   Facsimile: (415) 436-7009
   Email: cynthia.stier@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:17-CR-00034-JSW |
| Plaintiff, | JOINT [PROPOSED] AMENDED FINAL PRETRIAL ORDER |
| v. | |
| BRANDON JONES, | Pretrial: May 20, 2019<br>Time: 2:00 p.m.<br>Hon. Jeffrey S. White |
| Defendant. | |

Pursuant to Criminal Local Rule 17.1-1(b) and the Court's Guidelines for Motions, Final Pretrial Conference, and Trial in Criminal Case ("Guidelines"), the government and defendant jointly submit this Joint Proposed Amended Final Pretrial Order.

**I.   18 U.S.C. § 3500 and Federal Rule Criminal Procedure 26.2 (Crim. L.R. 17.1-1(b)(1))**

The government has provided the defendant with several memoranda of interview and a grand jury transcript. The government will make final disclosures under the Jencks Act on or before June 7, 2019, ten days before trial. Thereafter, if new Jencks material is generated (e.g., a memorandum of pretrial witness interview), the government will timely provide this material to the defense.

The defendant states that he is compliant with his discovery obligations.

**II.    Grand Jury Testimony (Crim. L.R. 17.1-1(b)(2))**

The government has disclosed the grand jury transcript of its anticipated witness.  Another grand jury transcript of an anticipated witness will be upon obtaining an order authorizing disclosure pursuant to Rule 6(E) of the Fed.R.Crim.Pro.

**III.    Exculpatory Evidence (Crim. L.R. 17.1-1(b)(3))**

<u>Statement by the government</u>

The government is compliant with its obligation to timely disclose all exculpatory evidence to the defendant. If the government comes into possession of additional exculpatory evidence, the government will timely disclose such evidence.

<u>Statement by the Defense</u>

None.

**IV.    Stipulations (Crim. L.R. 17.1-1(b)(4) and Guidelines No. 5 (ii))**

The government and defendant Brandon Jones intend to enter several evidentiary stipulations that will be filed with the Court.

The parties will stipulate that trial exhibits 1 through 231 and 256 through 265 are authentic under Rules 901 and 902 of the Federal Rules of Evidence;  that trial exhibits 1 through 231 are public records under Rule 803(8) of the Federal Rules of Evidence, and trial exhibits 256 through 265 are business records under Rule 803(6) of the Federal Rules of Evidence.

Further, the parties will stipulate that trial exhibits 233 through 255 are authentic under Fed. R. Evid. 901 and 902, and originals under Rule 1003 of the Federal Rules of Procedure.

**V.    Interpreters (Crim. L. R. 17.1-1(b)(5))**

None.

**VI.    Dismissal of Counts (Crim. L.R. 17.1-1(b)(6))**

The government has not dismissed any counts in the Indictment related to the defendant captioned in this pretrial statement.

**VII.    Joinder and Severance (Crim. L.R. 17.1-1(b)(7))**

There has been no severance.  Co-defendant Satina Shaw pleaded guilty.

**VIII.   Informants, Identification Evidence, and Prior Convictions (Crim. L.R. 17.1-1(b)(8))**

The government has not used an informant in this case. The government is compliant with its obligation to disclose all pretrial identification evidence. The government is compliant with its obligation to disclose evidence of prior convictions of the defendant, and will provide criminal histories of its witnesses.

**IX.   Witnesses (Crim. L.R. 17.1-1(b)(9) and Guidelines No. 5(iv))**

The government and defendant are filing their witness lists with this proposed order.

**X.   Exhibits (Crim. L.R. 17.1-1(b)(10) and Guidelines No. 5(iii))**

The government and defendant are filing an amended joint exhibit list with this proposed order.

<u>Statement by the government</u>

The government reserves the right to supplement or amend its exhibit list prior to and during trial. The government has provided to the defendant all trial exhibits it intends to offer, with the exception of draft charts by its summary expert witness, Patricia Hirai.

<u>Statement by the Defendant</u>

Defendant Brandon Jones reserves the right to supplement or amend his exhibit list prior to and during trial.  Mr. Jones is still awaiting receipt of documents pursuant to subpoena requests.  Mr. Jones will provide copies of these documents upon receipt.

**XI.   Objections to Exhibits/Testimony (Crim. L.R. 17.1-1(b)(11) and Guidelines No. 6(f))**

The government and defendant are filing with this proposed order a joint list of objections to each exhibit; the basis for each objection; and the responses to each objection. The government and defendant do not waive their rights to object to any of the proposed exhibits on other grounds, such as relevance, prejudice, inadmissible character evidence, or any of the bases set forth in the motions in limine or accompanying objections.

**XII.   Trial Memorandum (Crim. L.R. 17.1-1(b)(12))**

The government filed its trial memorandum.  ECF #379.  Brandon Jones does not intend to file a trial memorandum unless the court requests briefing on a particular issue.

**XIII.   Scheduling (Crim. L.R. 17.1-1(b)(13))**

The government and defendant are prepared to conduct jury selection on June 12, 2019, at 8:00 a.m. The government anticipates its case in chief taking approximately 4 court days, and defendant anticipates his case taking approximately 2 days.

**XIV.  Voir Dire (Crim. L.R. 17.1-1(b)(14) and Guidelines No. 6(d))**

The government and defendant are filing with this proposed order a joint set of proposed voir dire.

**XV.  Description of the Case (Guidelines No. 5(I), 6(c))**

The Indictment alleges the following that from December 13, 2011 to March 7, 2013, the defendant carried out a scheme to steal public money and property by filing false tax returns which requested fraudulent refunds using the identities of other individuals.

**XVI.  Jury Instructions (Guidelines No. 6(a))**

The government and the defendant are filing stipulated proposed jury instructions.

**XVII.  Other Issues (Crim. L.R. 17.1-1(b)(15) and Guidelines 6(h) and (g))**

Both parties have filed motions in limine and oppositions.

- Defendant opposes the United States' Motion in Limine.
- The United States does not oppose Defendant's Motion in Limine #1 (US not to use guilty pleas or convictions of witnesses as proof of Jones' guilt).
- The United States opposes Defendant's Motion in Limine #2 (Use of Defendant's 2007 conviction in the event he testifies).
- The United States does not oppose Defendant's Motion in Limine #3 (Indictment not to be read to jury or sent to jury room).
- The United States opposes Defendant's Motion in Limine #4 (to prohibit use of "Patton" when referring to Patton State Hospital).

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney
Northern District of California

*s/ Cynthia Stier*
CYNTHIA STIER

1            JOSE A. OLIVERA
        Assistant U.S. Attorneys

2

3            */s*

4    _____
        ERIK BABCOCK
        Attorney for Brandon Jones

5

6    SO ORDERED THIS ____ day of _____, 2019.

7            _____

8            HONORABLE JEFFREY S. WHITE
        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28