UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRANDON JONES,<br>Defendant. | Case No. 17-cr-00034-JSW-2<br><br>**ORDER MEMORIALIZING RULING FROM THE BENCH DENYING MOTION FOR CONTIUANCE OF TRIAL** |

On June 10, 2019, Mr. Jones asked this Court to continue the trial (set for June 17, 2019) to allow time to purse additional avenues of investigation. The Court ruled from the bench and denied the motion to continue, concluding that Mr. Jones's insistence upon additional investigation was nothing more than a delay tactic.

Mr. Jones has had four counsel, five including himself, during the course of this case. Mr. Jones was first represented by Jerome Matthews, from the Office of the Federal Public Defender. Mr. Matthew was appointed on April 26, 2017, and excused on July 28, 2017. The same day, the Court appointed Mark Goldrosen to represent Mr. Jones. Mr. Jones requested to represent himself on December 19, 2017. On January 18, 2018, the Court granted his request. Mr. Goldrosen and Nathaniel Torres were appointed to serve as Mr. Jones's advisory counsel.

On August 28, 2018, the Court set a trial date for March 25, 2019. On September 11, 2018, after the Court determined Mr. Jones was not competent to represent himself, the Court revoked Mr. Jones's *pro se* status and again appointed Mr. Goldrosen to represent Mr. Jones. Mr. Jones appealed this Court's revocation of his *pro se* status. Accordingly, on December 18, 2018, the Court continued trial to May 20, 2019 to accommodate the Ninth Circuit's evaluation of whether it had standing to hear Mr. Jones's appeal.

At a status conference held on February 26, 2019, Mr. Jones asked the Court to relieve Mr. Goldrosen and indicated that he intended to sue Mr. Goldrosen. The Court granted Mr. Jones's request to relieve Mr. Goldrosen and appointed Mr. Torres as counsel. This same date, the parties indicated that discovery was complete. Shortly thereafter, on March 17, 2019, Mr. Torres, too, moved to withdraw. Suspecting that Mr. Jones was creating problems with his attorneys in order to delay the trial, the Court denied Mr. Torres's request.

Mr. Torres renewed his motion on April 5, 2019. After questioning Mr. Torres in an under-seal proceeding, the Court granted Mr. Torres's motion to withdraw and determined that Mr. Jones posed a security threat. The Court also learned that Mr. Jones planned to sue Mr. Torres. The Court appointed Mr. Erik Babcock to represent Mr. Jones.

Mr. Babcock was new to the case. Accordingly, on April 16, 2019, the Court again continued the trial to afford Mr. Babcock sufficient opportunity to review the case and to prepare for trial. The Court set the first day of trial for June 17, 2019.

The Court has recounted a history of Mr. Jones's attorneys to underscore the high rate of attorney turnover, which, in the Court's assessment, was due entirely to Mr. Jones's behavior. Mr. Jones created breakdowns in communication with his attorneys and, as the case inched toward trial, filed lawsuits or threatened to file lawsuits against Mrs. Goldrosen, Torres, and Babcock. Indeed, Mr. Jones's behavior throughout the course of the case grew increasingly dilatory. The history of this case is littered with examples of Mr. Jones's refusal to attend Court. His behavior left the Court no choice but to issue orders (on two separate occasions) directing the United States Marshal Service to use appropriate force to bring him to court. (*See* Dkt. Nos. 284, 436.) When Mr. Jones *was* present in court, he was often disruptive and frequently refused to follow instructions.

In fact, Mr. Jones's behavior necessitated the setting of the June 10 status conference (during which he raised his motion to continue). During the May 20 pretrial conference, Mr. Jones complained of chest pain. The Court excused him and recessed for the day. The Court subsequently learned that Mr. Jones had refused medical treatment and exhibited no visible signs of physical distress. The Court scheduled the continuation of the pretrial conference for May 24,

2

but Mr. Jones refused to attend. The Court set a status conference for June 10, two days before jury selection, in order to explicitly address Mr. Jones about his disruptive behavior. (Mr. Jones's disruptive behavior persisted even after his June 10 motion to continue. During voir dire, Mr. Jones ignored the Court's direction to stop talking and persisted in making distracting gestures, leading the Court to remove him from the courtroom.)

Mr. Jones had ample time—well over two years—to develop his case and investigate potential defenses. For most of this time, Mr. Jones was represented by counsel. But, even during the approximately eight months Mr. Jones was representing himself, discovery at his behest continued apace. Given Mr. Jones's behavior, the age of the case, and the assurance by the parties in late February of 2019 that discovery was complete, the Court had no alternative but to conclude that Mr. Jones's claim of pursuing additional investigatory leads was nothing more than a tactic designed to delay the trial.

The Court was also obligated to consider the prejudice to the government's case that an additional continuance might cause. The government has argued, on more than one occasion, that continuing trial increases the difficulty of ensuring witness cooperation. Many of the government's witnesses are relatively transient, and the government has indicated it has difficulty contacting them or, on occasion, locating them. Had the Court allowed another continuance, the government's case would have been unduly prejudiced.

For the reasons described above, on June 10, 2019, the Court denied Mr. Jones's motion to continue the trial.

IT IS SO ORDERED.

Dated: June 13, 2019

_____
JEFFREY S. WHITE
United States District Judge