UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRANDON JONES,<br>Defendant. | Case No. 17-cr-00034-JSW-2   (VKD)<br><br>**ORDER OF DETENTION PENDING REVOCATION HEARING** |

In accordance with the Bail Reform Act, 18 U.S.C. §§ 3142, 3143(a), and Federal Rule of Criminal Procedure 32.1, the United States moves for detention of defendant Brandon Jones, pending a hearing before the district judge regarding revocation of his supervised release. The Probation Office also recommends detention. The Court held a detention hearing by videoconference, with Mr. Jones's consent, on February 8, 2021. Mr. Jones was represented by counsel during the hearing.

Having considered the factors set forth in 18 U.S.C. § 3142(g), the matters in the petition, and the proffers of counsel for Mr. Jones and for the United States, the Court concludes that Mr. Jones has not met his burden to show by clear and convincing evidence that he is not a danger to others and the community and that he will appear for his revocation hearing if released. Fed. R. Crim. P. 32.1(a)(6).

The record in this case reflects that Magistrate Judge Hixson released Mr. Jones from detention in connection with an earlier petition for supervised release violation on April 28, 2020. Dkt. No. 574. As one of many conditions of his release, Mr. Jones was required to reside and remain at Men of Valor, a residential treatment program in Oakland, California. Mr. Jones also

was ordered to appear before Judge White for a hearing on May 5, 2020.  *Id.*  These conditions of release did not alter Mr. Jones's existing supervised release conditions, which included that he report to his Probation Officer as instructed.  Dkt. No. 485 at 4.

According to the Amended Petition for Arrest Warrant for Person Under Supervision, filed May 6, 2020, Mr. Jones did not ever go to Men of Valor, and as of the date of the petition his whereabouts were unknown.  Judge White issue a warrant for Mr. Jones's arrest.

At the detention hearing on February 8, 2021, the United States advised the Court that Mr. Jones had been arrested by the Oakland Police on November 20, 2020 and was subsequently charged with two counts of battery.  Specifically, the United States advised that Mr. Jones asked a person on the street for money and when the person refused, Mr. Jones punched him in the face.  When police arrived at the scene, they apparently determined that Mr. Jones required medical assistance.  Paramedics arrived, and Mr. Jones spit in one paramedic's face.  *See* Dkt. No. 597-4.  The United States also states that Mr. Jones gave false information about his identity to the Oakland Police.  *Id.*

On the basis of Mr. Jones's conduct in November 2020, his prior failures to comply with the conditions of release Judge Hixson set, and the fact that his whereabouts were unknown for approximately six months, the United States takes the position that Mr. Jones should be detained as a danger to the community and as a flight risk.

Mr. Jones argues that he is not a danger or a flight risk.  He advises the Court that he has a stable place to live if he is released from custody, and that conditions could be fashioned to reasonably assure his appearance as required.  In addition, at the detention hearing, Mr. Jones advised the Court that the charges associated with the events on November 20, 2020 have been resolved and he was only detained in custody on those charges for a few months, suggesting that he does not in fact pose a danger to the community at this time.

Probation Officer Nicole Brown advised the Court that she was unaware of any residence for Mr. Jones and could therefore express no opinion about the suitability of any such residence.  The Probation Office recommends that Mr. Jones be detained based on his prior failure to comply with his conditions of release and his failure to report to the Probation Officer as instructed.

The Court finds that Mr. Jones has failed to show by clear and convincing evidence that he will appear for his revocation hearing before Judge White, and the Court also finds that Mr. Jones is unlikely to comply with any conditions intended to assure his appearance.  Mr. Jones's prior failures to appear and to comply with conditions of release set by Judge Hixson are compelling evidence that he poses a risk of non-appearance, and Mr. Jones has not made a sufficient showing to the contrary.  Mr. Jones's alleged conduct in November 2020 includes behavior that is not only physically violent (punching a stranger on the street) but also particularly dangerous during the Covid-19 pandemic (spitting in the face of a paramedic).  The Court has not been informed of any other history of violent conduct by Mr. Jones, and perhaps this behavior was an aberration.  However, on the record before the Court, Mr. Jones has not shown by clear and convincing evidence that he would not pose a danger to the community if released.

Mr. Jones is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Mr. Jones shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the United States, the person in charge of the corrections facility shall deliver Mr. Jones to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated: February 9, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3